UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA FOWLER,

        Plaintiff,

v.                                                       Case No: 2:16-cv-665-FtM-38CM

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on United States Magistrate Judge Carol Mirando's Report and Recommendation. (Doc. 25). Judge Mirando recommends affirming the Commissioner of Social Security's final decision to deny Plaintiff Melissa Fowler's application for supplemental security income ("SSI"). Fowler has filed an Objection to the Report and Recommendation. (Doc. 26). The Commissioner has not responded to the objection, and the time to do so has expired. Thus, this matter is ripe for review.

## **BACKGROUND**

The Report and Recommendation discusses the facts and medical evidence at length. (Doc. 25 at 6-16). For brevity's sake, the Court will briefly state the procedural

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

background. Five years ago, Fowler applied for SSI because of her alleged chronic obstructive pulmonary disease, impulse control disorder, depression, and learning disability. (Doc. 15-3 at 12). After a hearing, ALJ Joseph L. Brinkley denied her application because she could perform light work subject to certain limitations. (Tr. at 19). The Appeals Council denied Fowler's request for review. (Tr. 1). This appeal ensued.

## STANDARDS OF REVIEW

To be eligible for SSI, a claimant must be under a disability. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.912. To determine if a claimant has proven she is disabled, an administrative law judge must complete a five-step sequential evaluation process. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). This process is well-known and otherwise stated in the Report and Recommendation. (Doc. 25 at 4). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to evaluating the ALJ's decision for substantial evidence and his application of legal principles *de novo*. *See James v. Comm'r of Soc. Sec.*, 657 F. App'x 835, 837 (11th Cir. 2016); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 115, 1158 (11th Cir. 2004) (quotations omitted). The court may not reweigh the evidence and decide the facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also James*, 657 F. App'x at 837.

In addition, a district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* And "[t]he judge may also receive further evidenced or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

On appeal, Fowler raises three challenges to the ALJ's decision. First, she argues that the ALJ failed to decide explicitly if she has an intellectual disability that meets Listing 12.05 to render her presumptively disabled. Second, Fowler maintains that the ALJ accorded too little weight to the psychological assessment of Noble Harrison, Ph.D, a vocational counselor. Third, she asserts that substantial evidence does not support the ALJ's finding that she can perform a significant number of jobs in the national economy.

Judge Mirando recommends rejecting Fowler's challenges. She recommends that the ALJ implicitly found Fowler does not meet Listing 12.05 and that, even if Fowler meets the criteria, the ALJ rebutted the presumption by presenting substantial evidence of her daily activities. (Doc. 25 at 21-27). Next, Judge Mirando recommends that Dr. Harrison's opinion on Fowler's employability is not a medical opinion. (Doc. 25 at 28). She also recommends that the ALJ was not required to give any particular weight to the vocational evaluation by Successful Pathways, LLC. (Doc. 25 at 29-30). Finally, Judge Mirando recommends that the ALJ properly relied on the vocational expert's testimony to find that Fowler can perform a significant number of jobs in the national economy. (Doc. 25 at 31-36).

3

Fowler now objects to Judge Mirando's first and second recommendations, namely that the ALJ did not explicitly evaluate her claim under Listing 12.05 and that he failed to consider Successful Pathway's vocational evaluation. The Court will address each objection in turn.

**A. Listing 12.05**

Fowler argues that the ALJ erred at the third step of the sequential analysis by failing to conclude she meets Listing 12.05, which covers intellectual disability. To prevail at step three, Fowler must provide evidence showing that her impairment meets all of the criteria in the Listing. If her impairment meets the criteria, she is "conclusively presumed to be disabled," and the ALJ should have approved her application. *See Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

To qualify under Listing 12.05, a claimant must meet the diagnostic criteria in the listing's introductory paragraph. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 ("Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability."). The criteria is the claimant "must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22." *Crayton*, 120 F.3d at 1219. "[A]daptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociological background, and community setting." *James,* 657 F. App'x at 837 n.2 (stating that courts look to the Diagnostic and Statistical Manual of Mental Disorders for guidance on deficits in adaptive functioning) (internal quotations and citation omitted).

In addition to the diagnostic criteria in Listing 12.05's introductory paragraph, a claimant must meet the specific severity requirements in one of the subparagraphs, A through D. Fowler argues that she qualifies under 12.05(C), which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(C). A qualifying IQ score creates a rebuttable presumption that a claimant showed deficits in adaptive functioning before age 22. *See Hodges v. Barnhart*, 276 F.3d 1265, 1269 (11th Cir. 2001); *Lowrey v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992). But the Commissioner may rebut the presumption with evidence about the claimant's daily life. *See Hodges*, 276 F.3d at 1269; *see also Harris v. Comm'r of Soc. Sec.*, 330 F. App'x 813, 815 (11th Cir. 2009) (citing school performance, work history, and activities of daily living as evidence of plaintiff's adaptive functioning).

Here, the ALJ did not explicitly discuss whether Fowler met Listing 12.05(C). But his failure to mention the Listing is not dispositive. *See James*, 657 F. App'x at 838 (stating "a finding that a claimant's impairments are not contained in a Listing may be implied from the ALJ's decision"); *Rodriguez v. Comm'r of Soc. Sec.*, 633 F. App'x 770, 773-74 (11th Cir. 2015) (noting an ALJ can rely on a plaintiff's "daily activities and work history to conclude that [the plaintiff] did not manifest deficits in adaptive functioning consistent with intellectual disability"). A finding that Fowler lacked adaptive deficits can be implied from his conclusion that she has a mild restriction in activities of daily living and moderate difficulties in social functioning and in concentration, persistence, or pace. (Tr. at 17-18).

The question then becomes whether there is substantial evidence to support the conclusion that Fowler lacked adaptive deficits. The answer is yes. As the ALJ[2] and Judge Mirando noted, Fowler is independent in all activities of daily living. (Tr. 23). She also cares for the needs of her toddler daughter and interacts regularly with her sister. (Tr. 23-24, 314). She takes public transportation, uses computers at the library, and handles a savings account. (Tr. at 24, 244, 313, 464, 468). She also prepares simple meals daily, shops for food in stores, and performs household chores. (Tr. 312-13). She also does not need help or encouragement to do these tasks. She was never diagnosed with a mental hindrance, only borderline intellectual functioning. She can read and she did well in special education classes. Thus, substantial evidence supports the implicit finding that Fowler does not have the necessary deficits in adaptive function to meet Listing 12.05(C).

**B. Consideration of medical evidence**

Next, Fowler argues that the ALJ erred in not considering the vocational evaluation conducted by Successful Pathways, LLC. (Doc. 26 at 4-5). Two days after the hearing, Fowler submitted to the ALJ a Situational Vocation Evaluation dated June 30, 2014. (Tr. 348-76). Two vocational specialist evaluated Fowler and determined that she did not have the capacity for full-time work. (Tr. 375). Fowler argues that the ALJ failed to consider this evidence. (Doc. 26 at 5).

---

[2] The ALJ found Fowler's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [to be] not entirely credible." (Tr. 21). In addition, the ALJ found that "[t]he medical evidence of record is replete with evidence that [Fowler] has failed to take her medications as they have been prescribed and she had not followed up with her doctors as they have recommended . . . Such conduct seems inconsistent with a claimant suffering from a severe, disabling condition." (Tr. 23-24).

Fowler's objection is a nonstarter. The vocational specialists are not physicians or psychologists, and thus were not "acceptable medical sources" under the regulations. *See* 20 C.F.R. § 416.913(a) (providing that acceptable medical sources include licensed physicians and psychologists). At best, they are other medical sources. *See* SSR 06-03p, 2006 WL 2329939, at *1-2 (Aug. 9, 2006) (explaining that medical sources include both acceptable medical sources and other health care providers who are not acceptable medical sources). Even if the ALJ was required to consider the vocational specialists' opinions as other medical sources, he "was not required to give their opinions controlling weight over the opinions of acceptable medical sources" such as Nancy Kelly, Psy.D. *See Farnswoth v. Soc. Sec. Admin.*, 636 F. App'x 776, 784-85 (11th Cir. 2016) (finding the ALJ properly discounted the medical source statements of mental health counselors who were other medical sources). In other words, the vocational specialists' opinions are not medical opinions entitled to any special significance or consideration. *See Miles v. Soc. Sec.*, 469 F. App'x 743, 745 (11th Cir. 2012) (stating "even a medical source's statement that a claimant is 'unable to work' or 'disabled' does not bind the ALJ, who alone makes the ultimate determination as to disability under the regulations" (citations omitted)). In addition, the evidence does not reveal that the ALJ ignored the opinions, especially given that he stated he carefully considered the entire record. (Tr. 16). Fowler has not made any plausible argument to suggest otherwise. The Court, therefore, rejects Fowler's objection on the ALJ's consideration of the Situational Vocation Evaluation.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. 25) is **ACCEPTED** and **ADOPTED** and the findings incorporated herein.

(2) The Commissioner of Social Security's decision is **AFFIRMED**.

(3) The Clerk of Court is **DIRECTED** to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner of Social Security, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of August 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record